UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-000353CJC (MLGx)            Date: June 16, 2009

Title: <u>IMAGELINE INC. v. TACONY CORPORATION</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Nancy Boehme | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                     None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT'S MOTION TO DISMISS** [filed 05/29/09]

      Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for June 22, 2009 at 1:30 p.m. is hereby vacated and off calendar.

      This dispute arises from Defendant Tacony Corporation's ("Tacony") alleged infringement of Plaintiff Imageline Inc.'s ("Imageline") copyrighted illustrations. Imageline is a corporation that authors and licenses digital images. (Compl. ¶ 6.) Imageline has attached 43 of its images (the Images), along with their allegedly infringing counterparts, as Exhibit A to the Complaint. (Compl. ¶ 11.) Imageline has registered all of the Images with the United States Copyright Office. (Compl. ¶ 14.) Tacony has been reproducing, displaying, and distributing copies of the Images at its website www.amazingdesigns.com. (Compl ¶¶ 16-17.) Imageline now asserts claims for copyright infringement, providing false copyright management information, and removal and alteration of copyright management information. Tacony moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon on which relief can be granted. For the following reasons, the motion to dismiss is DENIED.

      **LEGAL STANDARD**

      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-000353 CJC (MLGx)                                        Date: June 16, 2009
                                                                                                              Page 2

---

claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Mayo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

   **ANALYSIS**

   The United States Supreme Court has held that "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361 (1991). The leading treatise on copyright law also takes this approach. *See* MELVILLE & DAVID NIMMER, NIMMER ON COPYRIGHT § 13.01 at 13-5 ("Reduced to the most fundamental terms, there are only two elements necessary to the plaintiff's case in an infringement action: ownership of the copyright by the plaintiff and copying by the defendant."). Courts in the Central District of California have recognized the same standard. In *Perfect 10 v. Cybernet Ventures, Inc.* a district court stated that "complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient." 167 F. Supp.2d 1114, 1120 (C.D. Cal. 2001). In *Perfect 10*, a district court held that a complaint for copyright infringement was sufficiently alleged even though it did not allege "every copyright relied on, every individual image in the magazines that is being infringed, every image on specific web pages that does infringe, or the dates of any infringement." *Id.*

   Here, Tacony argues that Imageline's Complaint is insufficiently pleaded because it does not include the dates of the alleged infringement, the titles of the images, or the registration numbers of the copyrights at issue. Because of this, Tacony argues, the Complaint does not provide sufficient notice of the allegations of infringement at issue in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 09-000353 CJC (MLGx)　　　　　　　　　　　　　　Date: June 16, 2009
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

---

the case.  The Court disagrees.  Imageline's complaint is sufficient given the pleading standards in *Feist* and under Federal Rule of Civil Procedure 8(a)(2).  Imageline has alleged that it owns certain copyrights and that Tacony has infringed those copyrights.  Additionally, Imageline has attached the allegedly infringing images to the Complaint and has provided the address to the website where Imageline discovered the alleged copies.  Tacony knows which images were at issue, and has sufficient notice to prepare its defense, and will be able to acquire additional information in discovery.

## CONCLUSION

For the foregoing reasons, Tacony's motion to dismiss is DENIED.

jls

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk nkb